**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


KENN HINTON,              )
                                )
         Plaintiff,        )
                                )
        v.             )        Civil Action No.  12-1131 (RLW)
                                )
                                )
DIAL CORPORATION,     )
                                )
        Defendant.     )


**<u>MEMORANDUM OPINION</u>[1]**

Before the Court is defendant's motion to dismiss.  Defendant argues that this case must be dismissed pursuant to the "first-to-file rule" because "a case already pending in California – *Margolis, et al. v. The Dial Corp.*, No. 12-cv-288-JLS (WVG) (S.D. Cal. filed Mar 9, 2012) – challenges the same conduct by the same defendant, on behalf of a proposed class of consumers that includes Plaintiff Kenn Hinton, and seeks the same relief based on analogous state law claims as Mr. Hinton does. . . ."  Def.'s Reply Mem. in Supp. of Its Mot. to Dismiss [Dkt # 8] at 1.  Plaintiff does not dispute that he is a member of the putative class that is defined in the *Margolis* litigation.  Furthermore, it appears from a review of the complaints that plaintiff has

---

[1]  This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf*. Fed. R. App. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition."  D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

basically copied the allegations of the *Margolis* litigation, and it is undisputed that there are no material differences in the claims raised by the plaintiff in this case and the claims that are pending in the earlier-filed litigation.

A further equitable consideration that can be considered by the Court is that plaintiff has been admonished several times in the past by numerous courts for engaging in repetitive and meritless litigation. *See Hinton v. Naked Juice Co.*, Civ. Action No. 8:11-cv-03740-AW, 2012 WL 1552873 (D.Md. Apr. 30, 2012) (observing that "[o]ne court has pegged Plaintiff as a frequent flyer in the United States judicial system . . . . For Plaintiff ha[s] filed at least forty-three other federal civil lawsuits, all of which were dismissed, including at least fourteen [of] which were dismissed as frivolous or by orders indicating that any appeal would be considered in bad faith.") (citations and internal quotation marks omitted) (alterations in original). Therefore, this Court will avoid duplicative litigation by deferring to the United States District Court for the Southern District of California to resolve this case. Hence, for reasons of comity and judicial economy, the Court will grant defendant's motion and will dismiss this case without prejudice. *See, e.g. Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349-50 (D.C. Cir. 2003); *Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 804 F. Supp. 2d 1, 4 (D.D.C. 2011). A separate Order accompanies this Memorandum Opinion.

_____
ROBERT L. WILKINS
United States District Judge

Date: January 23, 2013